# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| LONNIE STRIPLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00645 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| INGRAM BARGE COMPANY, LLC, | ) | MAGISTRATE JUDGE FRENSLEY |
| d/b/a INGRAM BARGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court are Defendant Ingram Barge Company, LLC's Motion to Dismiss (Doc. No. 6), Plaintiff's Motion to Permit Late Filing (Doc. No. 13), Plaintiff's late-filed Response (Doc. No. 14), and Defendant's Opposition to Plaintiff's Motion to Permit Late Filing (Doc. No. 17).

The Court is somewhat skeptical that Plaintiff's stated reason for not filing a timely response constitutes good cause. However, given the ultimate disposition, consideration of the late-filed response does not prejudice Defendant, and exhaustive consideration of the merits of Plaintiff's motion is not warranted. Accordingly, Plaintiff's Motion to Permit Late Filing (Doc. No. 13) will be GRANTED and, for the reasons discussed herein, the Defendant's Motion to Dismiss (Doc. No. 6) will also be GRANTED.

## I.        BACKGROUND

On August 24, 2021, Plaintiff initiated a case bringing claims of sexual harassment, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. *See Stripling v. Ingram Barge Co., LLC*, Case No. 3:21-cv-00654 (M.D. Tenn. Aug. 24,

2021) ("*Stripling I*"). The deadline to amend the complaint in *Stripling 1* was March 18, 2022. *Stripling I*, Doc. No. 18. On that date Plaintiff filed a motion for leave to amend, which was granted. *Id*., Doc. Nos. 22, 25. Plaintiff filed an Amended Complaint. *Id*., Doc. No. 26.

One year after bringing the claims in *Stripling I*, after the deadline to amend the complaint in that case, Plaintiff filed the instant case – hereinafter, "*Stripling II*" – bringing claims for violations of the Jones Act and general maritime law claims for "maintenance and cure" and "unseaworthiness." (*Stripling II*, Doc. No. 1). The factual allegations underlying the claims in *Stripling II* are virtually identical to that of *Stripling I*. (Compare *Stripling I*, Amended Complaint, Doc. No. 26, with *Stripling II*, Complaint, Doc. No. 1).

Defendant filed the instant Motion to Dismiss, seeking dismissal of this action as violative of the doctrine against claim splitting, or, alternatively, dismissal of the Jones Act claims and unseaworthiness claims as barred pursuant to *Griggs v. Nat'l R.R. Passenger Corp., Inc.*, 900 F.2d 74, 75 (6th Cir. 1990), and *Szymanski v. Columbia Transp. Co*., 154 F.3d 591, 596 (6th Cir. 1998). (Doc. Nos. 6, 7).

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*.  A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

2

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). For purposes of this motion, the Court has considered filings in *Stripling I*.

### III.    ANALYSIS

Generally, a plaintiff must "join all claims arising from the same set of facts in a single proceeding."  *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142, 146 (6th Cir. 2020) (quoting *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004)).  "The prohibition against claim-splitting requires the plaintiff to present all material relevant to a claim in the first action and permits a district court to dismiss a second action grounded in that same set of facts." *Id.* (citing Restatement (Second) of Judgments § 25 (1982)). It "discourages" parties from bringing separate suits presenting different legal theories arising out of the same factual situation and thereby prevents "'the expense and vexation' of multiple lawsuits, wasted 'judicial resources,' and the 'possibility of inconsistent decisions.'" *Id.* at 146-47 (citing *In re Blasingame*, 920 F.3d at 384, 391-92 (6th Cir. 2019), and *Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999)). When a plaintiff brings multiple cases based on the same facts, the court has discretion to dismiss the subsequent suit as part of its inherent discretionary authority to manage its own docket. *Id.* Claim splitting, however, does not apply to claims that were not ripe at the time of the first suit. *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006)).

Claim splitting is a variation of res judicata. *Id.* ("Essentially, claim splitting is the same as res judicata but with a presumption of a final judgment instead of an actual final judgment.").  Res

judicata is established when there is (1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that was or should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction. *Wheeler v. Dayton Police Dept.*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States*, 440 U.S. 147 (1979)).

The fourth element – that the claims arise from the same transaction – is sometimes referred to as "identity of claims" or "identity of causes of action." *See Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002) (stating that "identity of claims" is satisfied if "the claims arose out of the same transaction or series of transactions"); *Trustees of Operating Engineers Local 234 Pension Fund v. Bourdow Contracting*, 919 F.3d 368, 383-84 (6th Cir. 2019) ("An identity of causes of action exists if there is an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action,' [] the evidentiary component looking to 'whether the same underlying factual evidence could support and establish both [claims].'"); *Buff City Soap LLC v. Bynum*, No 2:21-02462-JPM-cgc, 2022 WL 1285045, at *7 (W.D. Tenn. Apr. 29, 2022) (explaining that an identity of the cause of action exists if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts).

Defendant argues dismissal is appropriate because the claims in this case have the same factual basis as the claims in *Stripling I*, and Plaintiff's circumvention of the deadline to amend in *Stripling I* by bringing the additional claims as a separate action is an abuse of the procedural process.

Plaintiff acknowledges that the allegations in this action are "very similar" to the allegations in *Stripling I*. (Doc. No. 14 at 2 (stating that due to time constraints it was necessary to "copy and paste most of the allegations from *Stripling I* into this Complaint")). She contends that

4

claim splitting does not bar the subsequent action because the substantive law for the claims asserted in each case is "quite distinct" and that the Complaint in this action merely "needs to be amended to focus the allegations and align them with what is required under maritime law by essentially removing surplus allegations about discrimination and intent."[1] (Doc. No. 14 at 2-3). Counsel for Plaintiff explains that filing a separate action had "nothing to do with 'chameleon litigation tactics' and was not done for any tactical purpose;" he simply did not know of the maritime claims until after the deadline to amend had passed and did not have time to seek leave to amend. (*Id*. at 2). Finally, Plaintiff argues that her claim for maintenance and cure is not subject to the prohibition on claim splitting because the claim was not ripe until she reached "maximum cure." (*Id*. at 3).

Before turning to the application of claim splitting, the Court begins by considering Plaintiff's argument that the doctrine does not apply to her claim for maintenance and cure. Maintenance and cure is a "centuries old remedy under the general maritime law" that is "designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Spencer v. Grand River Nav. Co., Inc*., 644 F. App'x 559, 563 (6th Cir. 2016) (quoting *Vaughan v. Atkinson*, 369 U.S. 527 (1962)).

Plaintiff's contention that her claim for maintenance and cure does not accrue until she has reached "maximum cure" is unsupported by the case law. Generally, a plaintiff's claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp*., 839 F.3d 458, 461 (6th Cir. 2016). In

---

[1]     Plaintiff presented that argument on October 26, 2022. (Doc. No. 14). Just two days after Plaintiff suggested an amendment would be needed, the Court set a deadline for amending the pleadings for January 20, 2023. (Doc. No. 16). Yet, Plaintiff did not seek to amend her Complaint in this case before January 20, 2023, or at any time since that deadline passed.

5

the context of a maintenance and cure claim, the Sixth Circuit has held that the claim accrues when the seaman is unable to continue working. *Spencer*, 644 F. App'x at 564. Here, Plaintiff's maintenance and cure claim accrued no later than August 2019, her last date of employment. Accordingly, because Plaintiff could have brought the maintenance and cure claim at the time of the first suit, claim splitting may apply.

To determine if the claim splitting doctrine bars Plaintiff's subsequent suit, the Court looks to the elements of res judicata. The first element – a final judgment – is presumed. *Waad*, 762 F. App'x at 260 ("[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.") (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). The remaining elements are satisfied. There is no dispute that this action involves precisely the same parties as *Stripling I*. Nor is there any real debate that this action arises out of the same core facts as *Stripling I*. Indeed, Plaintiff filed this case with factual allegations that were "copy and pasted" from the complaint in *Stripling I*. That some of the factual allegations from *Stripling I* are not necessary to prove the claims in this case does not change the fact that the same underlying factual allegations support and establish both claims.

Moreover, Plaintiff could have, and should have, sought leave to bring the maritime claims in *Stripling I* rather than circumventing the Court's case management order by filing a separate case. By filing this action, Plaintiff has two cases involving the same parties and the same underlying operative facts that are proceeding on separate litigation tracks. The resulting inefficiency and waste of resources for both the parties and the Court is precisely what claim splitting is designed to prevent. *See Blasingame*, 817 F. App'x at 146.

## IV. CONCLUSION

For the reasons stated, the Court concludes this case should be dismissed as violative of claim splitting and duplicative of *Stripling I*. In light of this disposition, the Court will not address Defendant's alternative argument that Plaintiff is precluded from recovering under the Jones Act. An appropriate order will enter.

_____

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE